# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | Case No. _____ |
| v. ) ) | CLASS ACTION |
| L3 TECHNOLOGIES, INC., CHRISTOPHER E. KUBASIK, ROBERT B. MILLARD, CLAUDE R. CANIZARES, THOMAS A. CORCORAN, ANN E. DUNWOODY, LEWIS KRAMER, RITA S. LANE,  LLOYD W. NEWTON, VINCENT PAGANO, JR., H. HUGH SHELTON, HARRIS CORPORATION, and LEOPARD MERGER SUB INC., ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on October 14, 2018 (the "Proposed Transaction"), pursuant to which L3 Technologies, Inc. ("L3" or the "Company") will be acquired by Harris Corporation ("Parent") and Leopard Merger Sub Inc. ("Merger Sub," and together with Parent, "Harris").

2. On October 12, 2018, L3's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger with Harris (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Harris's stockholders will

receive 1.3 shares of Parent common stock for each share of L3 they own.

3. On December 14, 2018, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of L3 common stock.

9. Defendant L3 is a Delaware corporation and maintains its principal executive offices at 600 Third Avenue, New York, New York 10016. L3's common stock is traded on the

NYSE under the ticker symbol "LLL."  L3 is a party to the Merger Agreement.

10. Defendant Christopher E. Kubasik is President, Chief Executive Officer, and Chairman of the Board of Directors of the Company.

11. Defendant Robert B. Millard is a director of the Company.

12. Defendant Claude R. Canizares is a director of the Company.

13. Defendant Thomas A. Corcoran is a director of the Company.

14. Defendant Anne E. Dunwoody is a director of the Company.

15. Defendant Lewis Kramer is a director of the Company.

16. Defendant Rita S. Lane is a director of the Company.

17. Defendant Lloyd W. Newton is a director of the Company.

18. Defendant Vincent Pagano, Jr. is a director of the Company.

19. Defendant H. Hugh Shelton is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

22. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

### **CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of L3 (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25.     The Class is so numerous that joinder of all members is impracticable. As of October 10, 2018, there were approximately 117,637,950 shares of L3 common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## **SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

30.     L3 is an innovator and leading provider of global ISR, communications, and electronic systems for military, homeland security, and commercial aviation customers.

31. L3 develops advanced defense technologies and commercial solutions in pilot training, aviation security, night vision and EO/IR, weapons, maritime systems, and space.

32. On October 12, 2018, L3's Board caused the Company to enter into the Merger Agreement.

33. Pursuant to the terms of the Merger Agreement, Harris's stockholders will receive 1.3 shares of Parent common stock for each share of L3 they own.

34. According to the press release announcing the Proposed Transaction:

Harris Corporation (NYSE:HRS) and L3 Technologies, Inc. (NYSE:LLL) have agreed to combine in an all stock merger of equals to create a global defense technology leader, focused on developing differentiated and mission critical solutions for customers around the world. Under the terms of the merger agreement, which was unanimously approved by the boards of directors of both companies, L3 shareholders will receive a fixed exchange ratio of 1.30 shares of Harris common stock for each share of L3 common stock, consistent with the 60-trading day average exchange ratio of the two companies. Upon completion of the merger, Harris shareholders will own approximately 54 percent and L3 shareholders will own approximately 46 percent of the combined company on a fully diluted basis.

The combined company, L3 Harris Technologies, Inc., will be the 6th largest defense company in the U.S. and a top 10 defense company globally, with approximately 48,000 employees and customers in over 100 countries. For calendar year 2018, the combined company is expected to generate net revenue of approximately $16 billion, EBIT of $2.4 billion and free cash flow of $1.9 billion.
. . .

Governance and Leadership

L3 Harris Technologies will be headquartered in Melbourne, Florida and led by a highly experienced and proven leadership team that reflects the strengths and capabilities of both companies and will share equally in the integration process.

The combined company's Board of Directors will have 12 members, consisting of six directors from each company. William M. Brown will serve as chairman and chief executive officer, and Christopher E. Kubasik will serve as vice chairman, president and chief operating officer for the first two years following the closing of the transaction. For the third year, Mr. Brown will transition to executive chairman and Mr. Kubasik to chief executive officer, after which Mr. Kubasik will become chairman and chief executive officer.

> Additional senior leadership positions for L3 Harris Technologies will be determined at a later date.
>
> Timing and Approvals
>
> The merger is expected to close in mid-calendar year 2019, subject to satisfaction of customary closing conditions, including receipt of regulatory approvals and approval by the shareholders of each company.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

35. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

36. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

37. The Registration Statement omits material information regarding the Company's and Harris's financial projections, as well as the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Goldman Sachs & Co. LLC ("Goldman").

38. With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate operating income; (ii) all line items used to calculate free cash flow; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

39. With respect to Harris's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate EBIT; (ii) all line items used to calculate free cash flow; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

40. With respect to Goldman's Illustrative Discounted Cash Flow Analysis – L3 Stand-alone, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.25% to 8.25% and the perpetuity growth rates ranging from 2.25% to 2.75%; (ii) unlevered free cash flow for L3 and all underlying line items; (iii) the

range of illustrative terminal values for L3; (iv) the net debt of L3; (v) the amounts attributable to tax-effected pension underfunding and other post-employment benefits; and (vi) the number of fully diluted outstanding shares of L3 common stock.

41.     With respect to Goldman's Illustrative Discounted Cash Flow Analysis – Pro Forma Combined Company, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.00% to 8.00% and the perpetuity growth rates ranging from 2.25% to 2.75%; (ii) unlevered free cash flow for the pro forma combined company and all underlying line items; (iii) the range of illustrative terminal values for the pro forma combined company; (iv) pro forma net debt; (v) the amounts attributable to tax-effected pension underfunding of the pro forma combined company; and (vi) the number of fully diluted outstanding shares of common stock.

42.     With respect to Goldman's Illustrative Present Value of Future Share Price Analysis – L3 Stand-alone, the Registration Statement fails to disclose: (i) the dividends per share expected to be paid to the combined company stockholders in each of the years 2019 to 2021; and (ii) the individual inputs and assumptions underlying the discount rate of 8.75%.

43.     With respect to Goldman's Illustrative Present Value of Future Share Price Analysis – Pro Forma Combined Company, the Registration Statement fails to disclose: (i) the dividends per share expected to be paid to L3 stockholders in the fourth quarter of 2018 and each of the years 2019 to 2021; and (ii) the individual inputs and assumptions underlying the discount rate of 8.75%.

44.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial

advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

45. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Recommendation of the L3 Board of Directors; L3's Reasons for the Merger; (iii) Opinion of L3's Financial Advisor; (iv) Harris Unaudited Financial Projections; (v) L3 Unaudited Financial Projections; and (vi) Certain Estimated Synergies.

46. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and L3

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. L3 is liable as the issuer of these statements.

49. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

50. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

51. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

52. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

53. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

54. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Harris

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants and Harris acted as controlling persons of L3 within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of L3 and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

57.     Each of the Individual Defendants and Harris was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

58.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

59.     Harris also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

60.     By virtue of the foregoing, the Individual Defendants and Harris violated Section 20(a) of the 1934 Act.

61.     As set forth above, the Individual Defendants and Harris had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 4, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*